IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                       No. CV 07-803 WJ/CEG
                                                        CR 03-127 WJ

MAURICIO MICHEL,

    Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her Amended Proposed Findings and Recommended Disposition on October 9, 2007.  See docket no. 27.  The Amended Proposed Findings and Recommended Disposition recommends that the Court grant the Movant's Motion to Vacate and Set Aside Conviction and Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255.  Id. at 14.  Specifically, the Magistrate Judge found Michel trial counsel's "failure to make an informed decision about whether to file a motion to suppress or join in co-defendant [Clinton] Laughrin's motion to suppress constitutes ineffective assistance of counsel under Strickland."  Id.  The United States filed objections to the Proposed Findings and Recommended Disposition.  See docket no. 26.

The Court has carefully reviewed the United States' objections de novo and finds that they are not well-taken.  The United States contends Ms. Sedillo conducted her research, consulted her client, and made a reasonable decision not to join in the motion to suppress, even though "[i]n hindsight, [she] now indicates that she would have joined the motion."  Id. at 3.  The United States asserts "Ms. Sedillo made the decision not to challenge the traffic stop on the

1

basis of the legal precedent available to her at the time," and as a result her performance was within the bounds of 'reasonable professional judgment.'" Id.  However, the Tenth Circuit, in the 1995 case of United States v. Elyicio-Montoya, unequivocally reiterated that passengers had standing to challenge traffic stops.  See United States v. Elyicio-Montoya, 70 F.3d 1158, 1163-1164 (10th Cir. 1995) (citing United States v. Erwin, 875 F.2d 268, 270 (10th Cir. 1989)).  Thus, when Michel was stopped as a passenger in 2001, and at the time Ms. Sedillo was aware that co-defendant Laughrin had filed a motion to suppress in 2003, it had long been the law in the Tenth Circuit that Michel had standing to challenge traffic stops.

Although "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable," Strickland v. Washington, 466 U.S. 668, 691 (1984), Ms. Sedillo's research regarding the Movant's standing to challenge the constitutionality of the traffic stop did not come after a thorough investigation of the law and facts.  In this case, Michel's trial counsel's performance was deficient and that deficient performance was prejudicial to the Movant.  See Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993).  If Ms. Sedillo would have filed a motion to suppress on Michel's behalf, or merely joined in the motion that Laughlin filed, the Tenth Circuit would have ultimately reversed his conviction because the stop at issue was unconstitutional.

Wherefore,

IT IS HEREBY ORDERED THAT:

1) the Magistrate Judge's Amended Proposed Findings and Recommended Disposition (docket no. 27) are adopted;

2) Michel's First Supplemental Motion to Vacate and Set Aside Conviction and Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 (docket no. 22) is granted;

3)      Michel's conviction for felon in possession of a firearm is hereby vacated; and

3)      Civil case number 07-803 WJ/CEG is hereby closed.

_____
UNITED STATES DISTRICT JUDGE